UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STACIE DRUCKMAN
as Administrator of the Estate of ARTHUR
DRUCKMAN,

                          Plaintiff,

            -against-

MORNINGSIDE ACQUISITION I, LLC
d/b/a MORNINGSIDE NURSING AND
REHABILITATION CENTER, et al.

                        Defendant.

-----------------------------------------------------------x

22-cv-5324 (PKC)

OPINION AND ORDER

CASTEL, U.S.D.J.:

        The principal question raised on this motion to remand is whether the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e, permits a defendant nursing home facility to remove an action raising state-law tort claims relating to COVID-19 from state court to federal court. The Court concludes that it does not and remands the action to state court.

        Plaintiff Stacie Druckman filed this action in the Supreme Court of the State of New York, Bronx County on April 15, 2022. Her father, Arthur Druckman, contracted COVID-19 and passed away in April 2020. As the administrator of her father's estate, Druckman alleges that the nursing home facility where he resided, which is owned and operated by Morningside Acquisition I, LLC ("Morningside"), is responsible for his death.[1] She brings state statutory claims for violation of New York Public Health Law sections 2801-d and 2803-c, as well as

---

[1] Druckman also names unknown related entities under the fictious names of ABC Corporation and ABC Partnerships. (Doc. 1-1)

common law claims for negligence, gross negligence, conscious pain and suffering, wrongful death, and nursing home malpractice. (Doc. 1-1)

Morningside filed a Notice of Removal on June 23, 2022, invoking 28 U.S.C. sections 1441, 1442(a)(1), and 1446. (Doc. 1) Druckman timely filed a motion to remand the case back to state court. (Doc. 11) She argues that the complaint alleges only state-law tort claims, the parties are not diverse, and none of the asserted grounds for removal apply to her suit.

DISCUSSION

A.  Removal Jurisdiction

A removing defendant has the burden of proving by a preponderance of the evidence that federal jurisdiction and removal are proper. Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019). "Because statutory procedures for removal are to be strictly construed, we resolve any doubts against removability." Taylor v. Medtronic, Inc., 15 F.4th 148, 150 (2d Cir. 2021) (brackets and internal quotation marks omitted).

The general federal removal statute, 28 U.S.C. section 1441, "allows a defendant to remove an action to federal court in 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" Brown v. Eli Lilly & Co., 654 F.3d 347, 356 (2d Cir. 2011) (quoting 28 U.S.C. § 1441(a)). Where the parties are non-diverse, removal is therefore proper if there is federal-question jurisdiction under 28 U.S.C. section 1331, which grants district courts original jurisdiction over actions "arising under" federal law. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

properly pleaded complaint." Id. "[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393.

The federal officer removal statute, 28 U.S.C. section 1442(a)(1), operates as "an exception to the 'well-pleaded complaint' rule." Kircher v. Putnam Funds Tr., 547 U.S. 633, 644 n.12 (2006). The statute allows a federal officer or agency, or a person acting under that officer or agency, to sidestep the well-pleaded complaint rule and remove to federal court solely based on a federal defense. See Mesa v. California, 489 U.S. 121, 136 (1989); 28 U.S.C. § 1442(a)(1). The purpose of the statute is to protect the federal government from state interference with its operations and to protect against any prejudice federal laws or officials might potentially face in local courts. Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 150 (2007). Lower courts have been instructed to give the statute "a liberal construction." Id. at 147.

B.  This Court Lacks Subject Matter Jurisdiction

Morningside has not invoked diversity jurisdiction (Doc. 1), and according to the complaint all parties are citizens of New York (Doc. 1-1). It instead argues that removal is proper under section 1441(a) because (1) the PREP Act is a complete preemption statute and (2) the complaint raises substantial federal questions within the meaning of the Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005). Alternately, Morningside argues that removal is proper under section 1442(a)(1) because it seeks to invoke a federal defense and it qualifies as a federal officer. The Court rejects each of these arguments and the case will be remanded.

These theories of removal are not novel. A series of New York plaintiffs have brought COVID-19-related state-law tort claims against New York nursing home facilities in New York state court; those facilities have in turn repeatedly attempted to remove these cases to federal court on the theories offered by Morningside. Federal district courts in New York have consistently and uniformly remanded these cases. See, e.g., Leroy v. Hume, 554 F. Supp. 3d 470 (E.D.N.Y. 2021) (rejecting complete preemption, Grable, and federal officer removal theories); Shapnik v. Hebrew Home for Aged at Riverdale, 535 F. Supp. 3d 301 (S.D.N.Y. 2021) (rejecting complete preemption and Grable theories); Rivera-Zayas v. Our Lady of Consolation Geriatric Care Ctr., No. 20-cv-5153, 2021 WL 3549878 (E.D.N.Y. Aug. 11, 2021) (rejecting complete preemption theory); Ranieri, v. Providence Rest, Inc., No. 22-cv-1030, 2022 WL 2819411 (S.D.N.Y. July 19, 2022) (rejecting complete preemption, Grable, and federal officer removal theories); Rivera v. Eastchester Rehab. & Health Care LLC, No. 22-cv-2019, 2022 WL 2222979 (S.D.N.Y. June 21, 2022) (same); Palma v. Cabrini of Westchester, No. 22-cv-5430, 2022 WL 4240823 (S.D.N.Y. Aug. 15, 2022) (same); Feliciano v. Wayne Ctr. for Nursing & Rehab. LLC, No. 22-cv-5626, 2022 WL 16636607 (S.D.N.Y. Nov. 2, 2022) (same); Fisher v. Rome Center LLC, No. 22-cv-0685, 2022 WL 16949603 (N.D.N.Y. Nov. 15, 2022) (same). Other Circuits have similarly rejected these same removal arguments. See Maglioli v. All. HC Holdings LLC, 16 F.4th 393 (3d Cir. 2021) (rejecting complete preemption, Grable, and federal officer removal theories); Mitchell v. Advanced HCS, L.L.C., 28 F.4th 580 (5th Cir. 2022) (same); Martin v. Petersen Health Operations, LLC, 37 F.4th 1210 (7th Cir. 2022) (same); Saldana v. Glenhaven Healthcare LLC, 27 F.4th 679 (9th Cir. 2022) (same).

Morningside argues that each of the dozens of courts to address these issues "have misapplied" the doctrine and "miss[ed] the point." Doc. 14 at 11–15. It points to the vacatur of

-4-

Dupervil, an early case addressing these arguments from the Eastern District of New York. See Dupervil v. All. Health Operations, LCC, 516 F. Supp. 3d 238 (E.D.N.Y. 2021), opinion vacated, appeal dismissed sub nom. Dupervil v. All. Health Operations, LLC, No. 21-505, 2022 WL 3756009 (2d Cir. Aug. 1, 2022). But the opinion in Dupervil was vacated because the underlying state action was voluntarily dismissed, not for any fault with its reasoning. Dupervil, 2022 WL 3756009, at *1; see Hassoun v. Searls, 976 F.3d 121, 130 (2d Cir. 2020) ("When a case becomes moot on appeal, the established practice in the federal system is to reverse or vacate the judgment below and remand with a direction to dismiss. The reason for this is to avoid giving preclusive effect to a judgment never reviewed by an appellate court." (brackets, citations, ellipses, and internal quotation marks omitted)). As recently noted by another district court presented with the same argument, "Dupervil's vacatur is not sufficient reason to discount its relevance or persuasiveness on the merits." Fisher, 2022 WL 16949603, at *6. Regardless, the viability of a single decision does not alter the "unanimous consensus" among prior courts "that removal in cases such as this one is improper and remand is required." Ranieri, 2022 WL 2819411, at *1.

Given the well-trodden ground around the arguments for removal, each will be only briefly addressed. First, Morningside argues that the complaint's state-law claims "arise under" federal law and provide a basis for removal jurisdiction under section 1441(a) because the PREP Act is a complete preemption statute. Preemption is typically raised as a defense and therefore cannot itself provide the basis for removal. See Caterpillar, 482 U.S. at 392–93. But where "a federal statute wholly displaces the state-law cause of action . . . a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based

on federal law." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003). This is referred to as complete preemption and the state-law claim may be removed to federal court. Id.

Complete preemption is rare among federal statutes, and the PREP Act falls short. See Whitehurst v. 1199SEIU United Healthcare Workers E., 928 F.3d 201, 206 (2d Cir. 2019) ("The Supreme Court has identified only three statutes as having the requisite 'preemptive force' to support complete preemption."). As noted above, the argument that the PREP Act is a complete removal statute has been repeatedly rejected. The Act "is, at its core, an immunity statute" and though it does create a limited federal cause of action for instances of willful misconduct, "it does not create a federal cause of action for all, or even most, claims of damages" against those entities it seeks to protect. Shapnik, 535 F. Supp. 3d at 315 (internal quotation marks omitted). Nothing in the PREP Act displaces the "garden-variety state law claims" at issue here or transforms them into federal causes of actions. Rivera, 2022 WL 2222979, at *2; see also Garcia v. N.Y.C. Health & Hosps. Corp., No. 20-cv-9970, 2021 WL 1317178, at *1 (S.D.N.Y. Apr. 8, 2021) ("This is not an instance of 'artful pleading' in which the Plaintiff is disguising what is essentially a federal claim in state law clothing; it is a garden variety negligence case, as to which Defendant might (or might not) have a defense."). Morningside has failed to meet its burden to demonstrate removal is proper under this theory.

As a second theory supporting removal on the basis of "arising under" jurisdiction, Morningside invokes the "Grable doctrine." This theory fares no better than the first. Under Grable, removal to a federal forum may be justified where "a state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state

judicial responsibilities." 545 U.S. at 314. Morningside argues that the complaint "necessarily raises" a federal issue because Druckman's claims implicate the PREP Act.

But this misunderstands the relevant inquiry. In Grable, the disputed meaning of a federal statute was "an essential element" of the state-law claim and was explicitly the only issue in dispute. Id. at 315. Federal jurisdiction was therefore proper because the only legal question before the court was a "contested matter of federal law." Id. Accordingly, when evaluating whether "[a] state-law claim 'necessarily' raises" a federal issue, the question is whether "the claim is affirmatively 'premised' on a violation of federal law." New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A., 824 F.3d 308, 315 (2d Cir. 2016). Here, none of the claims in the complaint invoke or depend on an interpretation of the PREP Act. As the Seventh Circuit put it:

> It is enough to say that the principal disputes requiring adjudication in this suit are likely to be issues such as whether the nursing home allowed members of the staff to work while ill, failed to isolate residents who contracted COVID-19, and so on. These issues have nothing to do with any federal statute, so the conditions that Grable sets for federal jurisdiction are not satisfied.

Martin, 37 F.4th at 1214–15. A defendant's intention to argue an affirmative defense of immunity does not transform the nature of the claims against it.

Finally, Morningside's attempt to remove under section 1442(a)(1) fails because it cannot demonstrate that it was a person "acting under" a federal officer. Morningside argues that during the COVID-19 pandemic its operations have been guided by compliance with government directives, and therefore it is being "sued for acts undertaken at the direction of a federal officer." Doc. 1 at 11. But to qualify as "acting under" a federal officer or agency a private person or corporation must "*assist*, or to help *carry out*, the duties or tasks of the federal

superior." Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 152 (2007). Mere "*compliance* with the law (or *acquiescence* to an order)" is not the type of assistance that qualifies as "'acting under' a federal official." Id. Morningside therefore cannot remove under section 1442(a)(1).

CONCLUSION

Plaintiffs' motion to remand (Doc. 11) is GRANTED and the Clerk is directed remand the action the New York Supreme Court, Bronx County.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 30, 2022